## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.09-CR-30136-WDS |
| | ) | |
| ANDREW FLOYD MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court are several pre-trial motions from both the government and the defendant.

## BACKGROUND

The defendant is charged by the grand jury in a Second Superseding Indictment with child pornography related offenses. Specifically, Count 1 charges that between January 21 and 22, 2009, the defendant distributed and attempted to distribute child pornography, specifically, images using a minor engaged in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  Count 2 charges that on or about April 21, 2009, the defendant possessed a computer which contained a visual depiction that involved the use of a minor engaged in sexually explicit conduct, all in violation of 18 U.S.C. § 2252(a)(4)(B).  Count 3 charges the defendant with receipt of child pornography on or about April 11, 2008, all in violation of 18 U.S.C. § 2252(a)(2). Counts 4 and 5 charge the defendant with possession of child pornography, both offenses allegedly occurring on or about April 21, 2009.

Upon review of the record, the Court rules as follows on the motions:

1.    **Defendant's Motion in Limine to Exclude More than Brief Excerpts of Child Pornography** (Doc.16) to which the government has filed a response (Doc. 24). In this motion, the defendant seeks to have the Court limit the number of child pornography images which may be shown to the jury at trial, asserting that if all of the images seized were shown to the jury it would take "hours" and that the images are "profoundly disturbing and distressing."

Specifically, the defendant seeks to limit the government to presenting only 15 still images or videos, and if videos images are introduced in evidence, that the duration of the images shown to the jury should be not more than a few seconds. The government seized several computers as part of the execution of the search warrant at  the defendant's home.  The government has represented that one computer, the Hewlett Packard Pavilion desktop computer contained at least 20 videos with child pornography and 5 still images with child pornography. A Gateway Laptop computer contained 68 images of child pornography.  In addition there were at least 14 images of child pornography on a loose hard drive.  In total, the government seized 22 videos with child pornography and 85 still images.

The defendant asserts that the publication of multiple images would unfairly prejudice the jury in violation of Fed. R. Evid. 403, whichprovides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

In its response, the government asserts that it intends to offer voir dire questions which will help limit any prejudicial impact on the jury of the evidence in question.  Moreover, although the evidence of the images and videos may be prejudicial, the issue is whether they are unfairly prejudicial. Limitations due to unfair prejudice are only necessary when the evidence

could "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Old Chief*, 519 U.S. 172, 180 (1997).

Part of the charge in this case is that the defendant knowingly distributed, possessed and received child pornography, which requires the government to prove the knowledge element. The images which were received by the defendant, which were on the defendant's computer and which were distributed, are part of the jury's determination as to whether the defendant *knew* that the images involved contained child pornography.   Therefore, the Court **FINDS** that it is relevant what the images are which underlie the charged crimes, and the best evidence of whether these are child pornography is the images themselves.

The Court **FURTHER FINDS**, that it is appropriate to allow the government to introduce the actual images themselves to the jury as part of its case in chief, and that the probative value of this evidence outweighs any prejudicial affect. Rule 403.  The Court will, however, limit the number of images and the videos to a representative number.  The Court further finds that a total limitation of 15 is too restrictive.  The Court will not allow the government to overwhelm the jury with these images, but will permit the government to present a reasonable representative number of the images and videos seized.  Therefore, the Court **DIRECTS** the parties to meet before the scheduled Final Pre-Trial Conference and agree to a representative number of images which will be introduced at trial. If they cannot so agree, they shall submit to the Court their respective positions as to the appropriate number of images and videos on or before Wednesday, January 12, 2011.

Accordingly, the Court **DENIES** defendant's motion to limit the number of video and still images to 15, but will limit the evidence to a representative number.

The Court notes, however, that if the defendant opens the door by attempting to assert that another person was responsible for downloading the images, or that the images were not saved by him, but rather "popped up" then the Court may allow the government to introduce additional evidence to refute these defenses.

2.      The defendant has filed (under seal) a **Motion Seeking to Exclude References to Questions or Evidence Regarding Defendant's Alleged (Activity Redacted)** (Doc. 18) to which the government has filed a response (Doc. 25).  The government has indicated that it does not intend to introduce this evidence in its case in chief, and will only do so in rebuttal if the defendant opens the door by introducing character evidence.

In light of the government's representation that it does not intend to use this evidence, the Court **DENIES** defendant's motion as moot.

3.      **Government's Omnibus Motion in Limine** (Doc. 28) to which the defendant has filed a response (Doc. 37).  This motion is addressed to three main issues, which the Court will address in turn.

   a.      **Prohibiting Evidence and Arguments Regarding the Effect of a Guilty Verdict.**

The government seeks to preclude the defendant from arguing the possible length of a sentence if the defendant were found guilty or the possibility of loss of liberty. The defendant has stated that he will not argue possible length of sentence, but does intend to argue that it would be wrong to send an innocent man to jail. The Court will allow the defendant to argue that the government has not met its burden to establish the defendant's guilt, but will not allow the defense to raise the issue of the possibility or length of incarceration as a result of a finding of guilt. The jury has "no sentencing function, [and] should be admonished to reach its verdict

without regard to what sentence might be imposed." *Shannon v. United States.* 512 U.S. 573, 579 (1994). Therefore, the government's motion as to arguing the impact of a sentence of guilt on the defendant's liberty or possible sentence is **GRANTED.**

      **b.**    **Reasonable Doubt**.

      The government seeks to restrict the defendant from defining reasonable doubt. It is well settled in the Seventh Circuit that the defendant may not attempt to define or quantify reasonable doubt. The Seventh Circuit has repeatedly held that courts are not required (and indeed are discouraged) from giving reasonable doubt instructions. The phrase "reasonable doubt" is well understood and needs no explanation. *See, e.g., United States v. Bruce,* 109 F.3d 323, 329 (7th Cir.1997) (stating that neither trial courts nor counsel should attempt to define reasonable doubt); *United States v. Hanson,* 994 F.2d 403, 408 (7th Cir.1993) (stating that attempts to define reasonable doubt presents a risk without any real benefit); *United States v. Langer,* 962 F.2d 592, 600 (7th Cir.1992) (stating that " reasonable doubt" is a self-explanatory concept and further definition would confuse the jury); *United States v. Hall,* 854 F.2d 1036, 1039 (7th Cir.1988) (stating that " reasonable doubt" definitions are unhelpful to a jury and potentially impair a defendant's constitutional right to have the government prove each element beyond a reasonable doubt).

      Therefore, the Court will allow the defendant to argue that the government has not met its burden, but may not argue or attempt to define or explain the meaning or concept of "reasonable doubt." The Government's motion on this point is, therefore, **GRANTED.**

      **c.**    **Jury Nullification**

      It is well settled that the practice of attempting jury nullification is improper, and "A defense should not be submitted to the jury, even in a criminal case, if there is no credible

evidence to support it." *United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006).  The defense

has indicated that it will not request or suggest jury nullification, recognizing that " a defendant .

. .has no right to ask the jury to disregard the judge's instructions."  *Smith v. Winters*, 337 F.3d

935, 938 (7th Cir. 2003).  The Court will allow the defense to argue the facts in this case and why

they do not support the findings which the instructions set forth with respect to each count.  That

is not jury nullification. In light of the defendant's representation that he will not attempt to

argue for jury nullification, the Court **DENIES** this part of the government's omnibus motion in

limine.

      4.      **Defendant's Motion to Exclude "Other Acts" Evidence** (Docs. 62 and 63). The

defendant filed this motion in response to the government's Notice of Intent to Introduce Other

Acts Evidence pursuant to Fed. R. Evid. 414 and 404(b) In the original notice of intent to

introduce evidence (Doc. 27),  and the second notice (Doc. 44), the government indicates that it

is its intent to introduce evidence of other acts of the defendant involving child pornography

which are not charged, including images found on computers in the defendant's home, and

sexually explicit stories about minors found on the defendant's computers.  The government

seeks to introduce this evidence pursuant to Fed. R. Evid. 404(b) and 414.  The defendant seeks

to limit such evidence on the grounds that the evidence would be improper because they were

found on a peer-to-peer sharing program and there are issues as to whether the defendant

knowingly distributed, possessed or received these images.

      In *United States v. Hawpetoss*, 478 F.3d 820, 823 (7th Cir. 2007) the court recognized

that Rules 413 and 414 of the Federal Rules of Evidence were enacted as part of the Violent

Crime Control and Law Enforcement Act of 1994.  *Id.*

These two rules create an exception to the general prohibition against "propensity evidence" found in Federal Rule of Evidence 404(b) (evidence of other crimes nay not be used to "prove the character of a person in order to show action in conformity therewith," Fed.R.Evid. 404(b)). Rule 413 expressly allows evidence of past sexual assault offenses when a defendant is accused of another offense of sexual assault to the extent such evidence is relevant. Similarly, Rule 414 states that, in a criminal case in which the defendant is accused of child molestation, evidence of past offenses of child molestation is admissible to the extent these offenses are relevant.

478 F.3d at 823-24. Rule 14 defines "child molestation" broadly to include a crime under federal or state law that involved conduct proscribed under Chapter 110 of Title 18 of the U.S. Code, which would include child pornography related offenses.

The defendant asserts that the other acts evidence involving uncharged computers do not tend to prove any fact or issue in dispute. However, since these motions were filed, the government has now added additional counts charging the defendant with child pornography offenses related to the other computers, a Gateway Laptop (now charged in Count 4 of the Superseding Indictment) and a Seagate Model hard drive (now charged in Count 5 of the Superseding Indictment). Accordingly, the Court **DENIES** defendant's motion in limine (Doc. 62) to exclude other acts evidence as moot.

5. **Defendant's Motion in Limine to Exclude the Testimony Regarding the Arrest and Conviction of One Daniel[1] Brown** (Doc. 61) to which the government has filed a response (Doc. 76). The government has indicated that in 1998, as part of a child pornography prosecution, the defendant in that case, Daniel Brown, produced child pornography images of a child who has the pseudonym of MEG. Those images were found on the defendant's computer

---

[1]The defendant's motion also refers to this individual as "David Brown."

in this case.  The government seeks to introduce the evidence of Peter Latham, the case agent in the Brown/MEG case as part of its case in chief to prove the interstate nexus elements of Count 3, which predates the October 2008 change in the law.  For its proof in Counts 1,2 4 and 5, which occurred after October of 2008, the government only need prove that the defendant used a "facility in interstate commerce."  For the charge in Count 3, the government is required to prove the pre-amendement elements, which would include proving that the image literally traveled in interstate commerce before it reached the defendant's home.   Latham will testify, according to the government's response, that he observed where the images involved in Count 3 were manufactured, in the state of Michigan, and therefore, that those images traveled in interstate commerce before they came into the defendant's possession in April of 2008, as charged in Count 3 of the Superseding Indictment. The government has further represented that Latham will only testify as to where those images involving the child MEG were created, not to any impact on MEG.

In light of this representation, the Court **FINDS** that the government may introduce the testimony of Latham in its case in chief as to the elements required for proof in Count 3, and the defendant's motion in limine is **DENIED.**


**IT IS SO ORDERED.**


**DATE: 7 January, 2011**


                                   **/s/ WILLIAM D. STIEHL**
                                   **DISTRICT JUDGE**

8