## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.09-CR-30136-WDS |
| | ) | |
| ANDREW FLOYD MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

The Court entered its Order on the pre-trial motions in limine on January 7, 2011 (Doc. 82). As part of that ruling, the Court considered the motions in limine filed by the defendant addressed to the purported "other acts" evidence (Motions at Docs. 62 and 63). The Court denied the motions as moot in light of the Second Superseding Indictment.

However, the parties have advised the Court that part of those motions, particularly, the materials contained in Doc. 63 were not mooted by the Second Superseding Indictment. Specifically, evidence concerning the sexually explicit stories about minors found on the defendant's computers.

The government has indicated that it intends to seek to introduce this evidence pursuant to Fed. R. Evid. 404(b) and 414.   As the Court discussed in its previous opinion, the Seventh Circuit held in *United States v. Hawpetoss*, 478 F.3d 820, 823-24 (7th Cir. 2007) that Rules 404(b) and 414:

> create an exception to the general prohibition against "propensity evidence" found in Federal Rule of Evidence 404(b) (evidence of other crimes may not be used to "prove the character of a person in order to show action in conformity therewith," Fed.R.Evid. 404(b)). Rule 413 expressly allows evidence of past sexual assault offenses

> when a defendant is accused of another offense of sexual assault to the extent such evidence is relevant.  Similarly, Rule 414 states that, in a criminal case in which the defendant is accused of child molestation, evidence of past offenses of child molestation is admissible to the extent these offenses are relevant.

Further, child molestation, under Rule 414 is read broadly to include crimes under federal or state law that involve conduct proscribed under 18 U.S.C. § 110, which would include child pornography related offenses.   The standard for the admission of Rule 404(b) evidence is:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charted; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Sebolt*, 460 F.3d 910, 916 (7th Cir. 2006) (quotations omitted). The Seventh Circuit has stated that with respect to "the admission of evidence of other acts of sexual misconduct, the district court has wide discretion. . . " *Hawpetoss*, 478 F.3d at 823.

In this case, the government asserts that the evidence of the sexually explicit stories which were found on the defendant's computers is relevant to show identity, motive, absence of mistake and knowledge.   The defendant asserts that the stories are not illegal  in themselves, that possession of them is not illegal, and that all that the government is attempting to do is use this evidence to show the defendant's propensity to commit the crimes charged.

The Court must, of course, balance the probative value of the evidence by the risk of prejudice. It is not all prejudicial evidence, which is to be excluded, but, rather, under Rule 403, otherwise relevant evidence may be excluded if there is the danger of unfair prejudice.

Here, the evidence of the possession of sexually explicit stories involving minors is relevant

to the issues of absence of mistake, motive,  and knowledge, at the very least.  The defendant has, at least in part, attempted to pass along the responsibility for the existence of these items of child pornography to actions of his children.[1] *See, e.g.*, *United States v. Caldwell,* 586 F.3d 338, 345 (5th Cir. 2009) (where the Fifth Circuit noted that where the defendant claimed lack of knowledge of child pornography, possession of adult pornography which was downloaded in the same process (through LimeWire), was admissible under Rule 404(b).  The court gave a limiting instruction on the use of this uncharged evidence. *Id.*  at 344.); see also, *United States v. Grimes,* 244 F.3d 375, 384-85 & n. 18 (5th Cir. 2001), where the court admitted narratives involving sexual conduct between adults and minors as relevant in a child pornography charge).

The Court **FINDS** that the evidence of narrative stories found on the defendant's computer is relevant to the issues of absence of mistake, motive and knowledge.  The defendant has denied responsibility for possessing these images, and for downloading them, therefore, the possession of narratives involving sexually explicit acts with minors is admissible under Rule 404(b). The Court **FURTHER FINDS** that the prejudicial impact of this evidence is not unduly or unfairly prejudicial, and does not outweigh the probative value of the evidence.

Therefore, the Court clarifies its Memorandum and Order of January 7, 2011, (Doc. 82) and specifically **DENIES** defendant's motion in limine (Doc. 63).  The Court will allow the government to introduce this evidence. The Court will give a limiting instruction both before the evidence is introduced, and as part of its final charge to the jury.  The parties should meet to agree on and prepare an appropriate limiting instruction for the Court to use before the evidence is introduced.

---

[1]See, Statement of the Defendant (Govt. Ex.11)

**IT IS SO ORDERED.**

**DATE:  19 January, 2011**

/s/  WILLIAM D. STIEHL
DISTRICT JUDGE